**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 15-147 (DWF/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Edgar Edward Gonzalez (7), | |
| Defendant. | |

**INTRODUCTION**

This matter comes before the Court on the objections of Defendant Edgar Edward Gonzalez ("Gonzalez") to the January 19, 2016 Report and Recommendation of Magistrate Judge Franklin L. Noel ("R & R") (Doc. No. 191.) Magistrate Judge Noel considered Gonzalez's motion to suppress evidence related to searches of: (1) a Jeep Liberty; (2) a Honda Odyssey; (3) a laptop computer; (4) a residence on Humboldt Avenue North in Minneapolis; and (5) a Facebook account. (Doc. No. 146.) After briefing and a hearing, Magistrate Judge Noel recommended that the Court deny Gonzalez's motion. (Doc. No. 191.) Gonzalez filed objections to the R & R (Doc. No. 193), and the Government filed a response to the objections (Doc. No. 219).

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). For the reasons set forth below and those contained in the R & R, the Court

overrules Gonzalez's objections to the R & R, adopts the R & R, and denies Gonzalez's motion to suppress.

## BACKGROUND

The Court incorporates by reference the facts as set forth in the R & R. In short, this case involves an alleged drug trafficking operation. On March 24, 2015, an undercover law enforcement officer participated in a controlled drug buy that involved a Jeep Liberty registered in Gonzalez's name. Subsequently, the FBI obtained a warrant to monitor the Liberty's location via GPS tracker. In early April 2015, the FBI observed, through GPS data, that the Liberty traveled to Arizona. When the vehicle began its return trip to Minnesota, the FBI instructed the Minnesota State Patrol to stop the vehicle if the vehicle committed a traffic violation. On April 20, 2015, Officer Michael Flanagan stopped the Liberty in Minnesota after the Liberty's trailer crossed over the lane stripe. After issuing a citation to the driver, Officer Flanagan asked the driver and passenger if he could search the vehicle. Both agreed.

On the same day, after Officer Flanagan stopped the Jeep Liberty, law enforcement observed a Honda Odyssey that law enforcement believed was traveling with the Liberty. After determining that the Odyssey was traveling at 75 miles per hour in a 70-miles-per-hour zone, Trooper Eric Labere stopped the Odyssey. Trooper Labere issued a warning to the Odyssey's driver and then asked the driver if he could ask some additional questions. She agreed. Trooper Labere also asked the driver and passenger if he could search the vehicle, and both agreed.

For each vehicle, after the driver and passenger gave consent, Officer Flanagan initiated a canine sniff and performed an initial search of the vehicle's interior. Based on these searches, law enforcement obtained warrants to conduct more extensive searches of the Liberty and the Odyssey, and these searches revealed, among other things, a large quantity of methamphetamine. Gonzalez was not present for the traffic stop or subsequent searches of either vehicle.

## DISCUSSION

In making his objections, Gonzalez relies on the Supreme Court's recent decision in *Rodriguez v. United States*, 135 S. Ct. 1609 (2015), arguing that *Rodriguez* requires this Court to suppress evidence obtained from the searches and seizures of the Liberty and the Odyssey. (Doc. No. 193 at 1.) *Rodriguez* holds that "a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." 135 S. Ct. at 1612. It expressly notes, however, that reasonable suspicion of criminal activity may justify detention beyond completion of a traffic infraction investigation. *Id.* at 1615, 1616-17. Further, under the Eighth Circuit's decision in *United States v. Munoz*, 590 F.3d 916, 921 (2010)—which *Rodriguez* did not disturb—once a traffic stop becomes consensual, it is no longer a seizure, and an officer may investigate matters unrelated to the traffic stop. Thus, contrary to Gonzalez's contention, *Rodriguez* does not mandate a "bright new time-line" for traffic stops without taking reasonable suspicion or consent into account. (*See* Doc. No. 193 at 5.)

Here, as Magistrate Judge Noel pointed out, the occupants of the Jeep and the Odyssey consented to searches of each vehicle, even though Officer Flanagan and Trooper Labere had completed all tasks related to each vehicle's traffic violation.  Once the occupants gave their consent, the traffic stops were no longer seizures, so the Fourth Amendment did not prohibit the officers from prolonging the stops to investigate other matters—namely, possible drug crimes.  *See Munoz*, 590 F.3d at 921.  As such, the searches and seizures of the Liberty and the Odyssey did not violate the Fourth Amendment under *Rodriguez*.

In addition, the Court finds no Fourth Amendment violation even though it acknowledges Gonzalez's frustration with the law enforcement tactics employed to stop and search the Liberty and the Odyssey.  This is only one of multiple cases the Court has seen in which law enforcement officials stop a vehicle—based on a minor traffic violation—as a means of investigating a drug crime.  Given that most drivers commit minor traffic violations nearly every time they drive their vehicles, the reality is that officers may stop almost anyone they might suspect for any reason.  The Court recognizes that well-established law holds that these stops do not violate the Constitution.  *Whren v. United States*, 517 U.S. 806, 813 (1996); *United States v. Frasher*, 632 F.3d 450, 453-54 (8th Cir. 2011).  Still, the Court believes that tactics involving more transparency and less opportunity for arbitrary stops would increase public confidence in both law enforcement and criminal justice.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Edgar Edward Gonzalez's objections (Doc. No. [193]) to Magistrate Judge Franklin L. Noel's Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Franklin L. Noel's Report and Recommendation (Doc. No. [191]) is **ADOPTED**.

3. Defendant Edgar Edward Gonalez's motion to suppress evidence (Doc. No. [146]) is **DENIED**.

Dated: February 24, 2016         s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge